# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
JAMES R. FURNISS, JR.,           *    No. 14-481V
                                 *    Special Master Christian J. Moran
            Petitioner,          *
                                 *
v.                               *
                                 *    Filed: May 18, 2016
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * * * * * * *
```

Maximullian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Claudia B. Gangi, U.S. Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS [1]

Petitioner James R. Furniss, Jr., filed his application for attorneys' fees and costs on February 16, 2016. The Secretary objected to the amount Mr. Furniss requested. Mr. Furniss is awarded **$55,698.19**.

Mr. Furniss alleged that on January 14, 2013, he received the influenza ("flu") vaccine which caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). The undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision, issued Mar. 2, 2016. Because petitioner received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The Secretary objected to the amount Mr. Furniss requested. She stated that a suitable amount is between $35,000.00 to $40,000.00. The Secretary further suggested that the undersigned make a determination as to the amount of an award within that range. See Resp't's Resp. at 3.

Because the Secretary provided no explanation for how she determined the range, the Secretary's representation carries relatively little weight. The attorney's timesheets are sufficiently detailed that his activities are understandable. While there might be disagreement over some entries, the Secretary did not make any specific objections. Overall, the amount of time is reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $55,698.19 to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned has reduced the hours billed for petitioner's reply from four hours, to one hour, due to it being substantially similar to multiple filings by petitioner's counsel in previous cases. See Reply at 3 (referring to the present case as a SIRVA case).

In compliance with General Order #9, petitioner states that they did not incur any in out-of-pocket litigation expenses while pursuing this claim.

The undersigned **GRANTS IN PART AND DENIES IN PART** Mr. Furniss's motion, and awards **$55,698.19** in attorneys' fees and costs. This shall be paid as follows:

> **A lump sum payment of $55,698.19, in the form of a check made payable jointly to petitioner and petitioner's attorney, Maximillian J. Muller, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

                                                        s/Christian J. Moran
                                                        Christian J. Moran
                                                        Special Master